IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 01-144 |
| | ) | See Civil Action No. 04-503 |
| CLAYTON LILLY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BLOCH, District J.

On January 26, 2006, Defendant filed a "Motion to Reconsider" (document No. 73). For the reasons set forth herein, this Motion is denied.

Defendant moves the Court to reconsider one of the issues addressed in the Court's January 3, 2006 Order and Memorandum Opinion denying Defendant's motion to vacate under 28 U.S.C. § 2255 ("January 3 Opinion"). Specifically, Defendant requests that the Court permit a full presentation of evidence on the issue of whether Defendant was denied his right to a jury trial because his waiver of this right was not made voluntarily, knowingly, and intelligently. For the reasons set forth herein, as well as in the January 3 Opinion, the Court finds no merit to Defendant's argument.

I. **The Nature of Defendant's Claims**

It must be noted at the onset that Defendant, in the Motion to Reconsider, does not take into account the nature of the claims raised before the Court in his earlier motions. In the present Motion to Reconsider, Defendant states that "[o]ne assertion made in said motion was that Petitioner did not make a voluntary, knowing and intelligent waiver of his constitutional right to a jury trial." While this may be partially accurate, it is important to understand the precise nature of the claims raised by Defendant in relation to his waiver of his right to a jury trial. As noted in the January 3 Opinion, Defendant alleged, in Claim Two of his pro se "Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255" ("Section 2255 Motion"), that he "was prejudiced by the objectively unreasonable performance of counsel during pre-trial, trial, sentencing, and direct appeal process. When counsel failed to advise Petitioner of his rights to trial by jury as well as the court, and not having Petitioner sign a (waiver) at time of trial or before trial." [sic] Claim Two of the Section 2255 Motion, therefore, was raised as an ineffective assistance of counsel claim.

Defendant also filed a Supplemental Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 ("Supplemental Motion"), which he filed purportedly to "clarify" the issues raised in his initial motion. His allegations in what he labeled

"Issue Two" of that motion were very similar to those in Claim Two of the initial Section 2255 Motion and focused primarily on the conduct of his trial counsel. Therefore, Issue Two seems to have been a further explanation of the ineffective assistance of counsel claim alleged in the initial Section 2255 Motion.

Defendant does, though, state in his Supplemental Motion that he "never knowingly and intelligently waive[d] his right to a jury." He also states that the record is silent as to whether the waiver was voluntary. While it is unclear whether this was raised as a separate argument or whether it was part of his ineffective assistance of counsel claim, the Court is mindful that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). Accordingly, the Supplemental Motion could be construed as raising a claim that the waiver was not knowing, voluntary, and intelligent, and that Defendant's due process rights were thereby violated.

Therefore, Defendant apparently raised claims under two different theories. In his initial Section 2255 Motion, he raised an ineffective assistance of counsel claim. In his Supplemental Motion, he reiterated that claim, and also raised a due process claim. This distinction is significant. It is undisputed that Defendant did not raise the issue of whether his waiver of his

right to a jury trial was voluntary, knowing, and intelligent on direct appeal. Hence, any such claim is procedurally defaulted.

"Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)); Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997). See also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). Arguments that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the petitioner can demonstrate cause and prejudice. See Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"); Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual

'prejudice,' or that he is 'actually innocent.'") (citations omitted).

As stated above, Defendant did not raise the issue of whether the waiver of his right to a jury trial was valid on appeal; to the contrary, he ***acknowledged*** in his appellate brief that he had waived his jury trial rights. Moreover, he has offered no objective evidence as to why he did not raise this claim on appeal.[1] Therefore, any such claim was properly dismissed. See Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993).

However, as explained, Defendant did raise ineffective assistance of counsel claims in connection with his waiver of a jury trial. Such claims were properly brought since an exception to the procedural default rule is that a defendant need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel. See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993). Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

---

[1] The Court notes that Defendant's appellate counsel was different from the counsel that allegedly failed to advise him of his right to a jury trial and allegedly "tricked" him into signing the waiver. Defendant has offered no evidence or argument as to why he and his new counsel did not address the issue of the waiver on direct appeal.

Therefore, any claim that Defendant's waiver of his right to a jury trial was not voluntary, knowing, and intelligent is procedurally defaulted. The issue of whether Defendant's trial counsel was unconstitutionally ineffective in failing to advise him of his right to a trial by jury and in failing to have him sign a waiver of his right to a jury trial prior to or at the time of trial was properly raised.

There is, of course, some overlap between the issues of whether Defendant's waiver was valid and whether his counsel was ineffective. To be sure, if Defendant could establish that his trial counsel failed to advise him of his jury trial right, it may be that his waiver was invalid. However, the gravamen of Defendant's remaining claim is the conduct of his counsel; in other words, if his counsel did something that would render Defendant's waiver invalid, such a claim can still be raised. His claim, therefore, is not as broad as it is construed in the Motion to Reconsider.

## II. Defendant's Claim that Counsel Was Ineffective in Failing to Advise Him of His Right to a Jury Trial

As discussed in the January 3 Opinion, the record conclusively shows that there is no merit to Defendant's claim that he was never advised that he had the right to a jury trial. Defendant relies merely on his own bald allegations, without supporting affidavits, that he was not informed of this right.

However, Defendant's counsel stated in a May 19, 2004 affidavit that he did inform Defendant that he had a right to trial by jury. See Government's Response to Motion to Vacate and Supplemental Motion to Vacate Under 28 U.S.C. §2255 ("Govt. Resp."), Ex. C at ¶¶ 4-5. In United States v. Martin, 704 F.2d 267 (6th Cir. 1983), the Sixth Circuit Court of Appeals held that a defendant's bald allegations that he was not informed of his jury trial rights, without supporting affidavits, were not enough to impeach his counsel's representations that he had so informed the defendant. See id. at 274.

Although Martin was not an ineffective assistance of counsel case, it is instructive because the issues raised there are very similar to those raised here. In both cases, a primary issue was whether the defendant's jury trial waiver was rendered invalid at least in part because of counsel's failure to advise him of his rights. Here, as in Martin, Defendant relies merely on his own bald allegations that he was not informed by counsel of his right to a jury trial in the face of statements from counsel to the contrary. Moreover, as in Martin, Defendant executed a waiver indicating that he was waiving that right.

Further, as in Martin, other record evidence demonstrates that Defendant was aware of his right to a jury trial. It is undisputed that Defendant signed a Waiver of Jury Trial on December 21, 2001 (doc. No. 33), and that the Court, at

the beginning of the non-jury trial on November 13, 2001, stated that "the record should show that both the government and the defendant have requested a non-jury trial." Transcript of Suppression Hearing/Non-Jury Trial Commencing on Tuesday, November 13, 2001 ("Trial Tr.") at 3. Moreover, Defendant, in his appellate brief, again confirmed that he had waived his right to a jury trial. See Govt. Resp., Ex. F at 5. The fact that Defendant repeatedly indicated that he was waiving and/or had waived his right to a jury trial demonstrates that he was aware that he had such a right.

In sum, Defendant's mere allegations that he was not informed of his rights cannot overcome the evidence in the record to the contrary. Moreover, to the extent that Defendant relies on his argument that he was not informed by his counsel of his right to a jury trial in claiming that his waiver of his right was not voluntary, knowing, and intelligent, his argument fails. Accordingly, as discussed in the January 3 Opinion, Defendant is not entitled to relief on this claim.

## III. Defendant's Claim that Counsel Was Ineffective in Having Him Sign the Written Waiver of His Right to a Jury Trial after the Commencement of Trial

Defendant's second allegation is that his counsel was deficient in having him sign the written waiver of his right to a jury trial after the commencement of trial. As discussed above,

this is different from arguing simply that the waiver was invalid. By arguing that his counsel was deficient in having him sign the written waiver "late," Defendant must establish that the timing of the waiver somehow prejudiced him. As discussed in the Court's January 3 Opinion, Defendant has failed to establish that he was prejudiced by the fact that he did not sign the waiver prior to the commencement of trial.[2] As such, his ineffective assistance of counsel claim fails. See United States v. Prichard, 875 F.2d 789, 790 (10th Cir. 1989) ("Collateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the technical error.").

However, in any event, Defendant's claim that he was prejudiced by the timing of the signing of the written waiver fails as a matter of law because there is no requirement under the law that a written waiver be executed prior to the commencement of trial. As stated in the Court's January 3 Opinion, Federal Rule of Criminal Procedure 23 provides that if a defendant is entitled to a jury trial, the trial must be by jury unless: (1) the

---

[2] Actually, Defendant's claim might have merit if the Court had found the waiver ***ineffective***, since then he could argue that the "late" filing of the waiver deprived him of the chance of a non-jury trial. However, here, the timing of the waiver was not prejudicial; the "prejudice" alleged by Defendant would have been caused by the fact that the waiver was not voluntary, knowing, and intelligent, not by its timing.

defendant waives a jury trial in writing; (2) the Government consents; and (3) the court approves. Fed. R. Crim. P. 23(a). Defendant does not argue that these three criteria were not met.[3] Instead, he argues that there is an additional requirement that all of these conditions be met prior to the commencement of the trial. As discussed in the January 3 Opinion, the Court disagrees.

As the Court discussed in its January 3 Opinion, Rule 23 sets no time limit on when a defendant can waive his right to a jury trial, and there is no reason to believe that due process would require a signed waiver prior to trial, especially where, as here, there had been a verbal manifestation of the defendant's waiver prior to the commencement of trial. The purposes of Rule 23 are satisfied where, as here, a written waiver signed after the commencement of trial essentially ratifies an earlier indication that the jury trial right had been waived. The Court finds no merit to Defendant's argument to the contrary.

Defendant claims that this Court's position that a written waiver after the commencement of trial is permissible is "contrary to the law in the majority of circuits to address this issue." In support of this claim, Defendant cites United States

---

[3] Defendant did argue in his initial Section 2255 Motion that the Government failed to sign the written waiver, but, as explained in the January 3 Opinion, the Government's signature was not necessary - only its consent was needed.

v. Saadya, 750 F.2d 1419 (9th Cir. 1985), United States v. Ceja, 451 F.2d 399 (1st Cir. 1971), United States v. Cochran, 770 F.2d 850 (9th Cir. 1985), and Martin, 704 F.2d at 274. However, these cases simply do not support the contention that a written waiver is required prior to the commencement of trial.

Indeed, this was not the issue at all in three of these cases. In both Martin and Cochran, there ***was*** a written waiver executed prior to the commencement of trial; the issue in both cases was whether there needed to be, in addition to that, an oral colloquy. See 704 F.2d at 270; 770 F.2d at 851. In both cases, the court held that such a colloquy, while advisable, was not constitutionally required. See 704 F.2d at 274; 770 F.2d at 851. Likewise, in Ceja, the issue was whether a defendant could request a non-jury trial after a jury had been selected without the consent of the prosecutor, not whether a written waiver signed after the trial had commenced was valid. Indeed, the issue in that case turned on issues of judicial economy, not due process rights. See 451 F.2d at 402 n.2. In any event, the Court decided it need not even reach this issue. Id. Ceja, therefore, provides absolutely no support for Defendant's position.

The Court discussed Saadya in its January 3 Opinion. There, the court found that there had been no oral ***or*** written waiver of the right to a jury trial by the defendant, and therefore declined to remand the case to remedy the absence of a

waiver. In doing so, the court held that "[a] defendant's waiver of his right to jury trial must appear on the record prior to the time the trial commences." Id. at 1422. However, here, unlike the case in Saadya, there was a manifestation of Defendant's waiver prior to the commencement of trial, albeit not a written one. See Trial Tr. at 3. Thus, the later written waiver essentially ratified the earlier non-written waiver. Saadya, therefore, is not on point here.

The Court explained in its earlier Opinion that the situation in this case is very similar to that in United States v. Wagner, 12 Fed. Appx. 219 (6th Cir. 2001), where the court held that a written waiver of the right to a jury trial is effective when filed after a case has commenced but while it is still pending. Defendant attempts to distinguish Wagner by claiming that, in that case, there had been a "pretrial colloquy" prior to the commencement of trial. However, the Sixth Circuit does not even mention, much less rely upon, any "pretrial colloquy" in that case. Rather, the court notes that the defendant "requested" a bench trial prior to the commencement of trial and that the waiver was "discussed" prior to trial. See 12 Fed. Appx. at 220-21. This is virtually the same as the situation in this case, where the parties requested a non-jury trial prior to the commencement of trial but did not file a written waiver until after the trial had started.

Defendant essentially argues that one of two things is required before the commencement of a trial in order for a defendant to waive his or her right to a jury trial: (1) a written waiver must be executed; or (2) the court must conduct a colloquy with the defendant on the record. As discussed, the Court has found that there was no requirement for a written waiver to be executed prior to the trial under the facts of this case. Moreover, as discussed in the January 3 Opinion, a court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial. See United States v. Anderson, 704 F.2d 117, 119 (3d Cir. 1983); Spytma v. Howes, 313 F.3d 363, 370 (6th Cir. 2002); Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993). Therefore, there is no merit to Defendant's contention that one of these two events must occur prior to the commencement of trial for a waiver to be valid.

It is important to reiterate that, in this case, there was not merely a written waiver filed after the commencement of trial; the parties requested a non-jury trial prior to the trial, and the Court confirmed this request on the record. While this request may or may not have been sufficient to effectuate the waiver by itself, the timely request for a jury trial, in conjunction with a later-filed written waiver ratifying that request, is sufficient, just as in Wagner.

Therefore, there is no merit to the argument that Defendant's counsel was ineffective in having Defendant sign the waiver after the commencement of trial.

**IV. Defendant's Due Process Claim**

As noted, Defendant's due process claim that his waiver was not voluntary, knowing, and intelligent is procedurally defaulted. Nonetheless, in any event, there is no merit to this argument. Defendant relies on four grounds to support his position: the waiver was signed after trial had commenced; he was "tricked" or "coerced" into signing the waiver; his counsel did not inform him of his right to a jury trial; and the Court failed to conduct a colloquy with him regarding the waiver. The Court has addressed - and rejected - each of these grounds.

As discussed above, it was not necessary for Defendant's waiver to have been signed prior to the commencement of trial. As to Defendant's claims that he was "tricked" or "coerced" into signing the Waiver of Jury Trial, as discussed in the January 3 Opinion, he offers no support for or explanation as to this vague claim. As such, this claim is simply too vague and conclusory to warrant further investigation. See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988). As noted, the record conclusively establishes that Defendant's counsel did inform him of his right to a jury trial, and finally, the Court was not required to conduct an on the record colloquy. There is simply no evidence in

the record that would support a claim that Defendant's waiver was not voluntary, knowing, and intelligent. To the contrary, as discussed throughout, the evidence, including the written waiver, the request for a bench trial prior to trial, and the acknowledgment of the waiver on appeal, conclusively demonstrates that Defendant's waiver was voluntary, knowing, and intelligent.

The Court notes that it specifically found, in its Findings of Fact and Conclusions of Law, that Defendant had voluntarily waived his right to a jury trial. Defendant never objected. In his appellate brief, Defendant, represented by different counsel, specifically acknowledged that he had waived his right to a jury trial. It is only now, well after the fact, that Defendant claims that the waiver was invalid. Moreover, Defendant's claim that he was unaware of his right to a jury trial strains credulity considering his considerable experience with the criminal justice system prior to this case. See Presentence Investigation Report at 6-9. Therefore, the Court questions the sincerity of Defendant's claims.

Regardless, even assuming that Defendant's claims are sincere, his argument has no basis in fact or law. Accordingly, the Motion to Reconsider is denied.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated: March 6, 2006

cc/ecf: Asst. U.S. Atty. Paul Thompson
Federal Public Defender Lisa Freeland
Clayton Lilly